IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY ISABELLA, TIMOTHY M. EYER, DAVID DeCAMP and KAREN EZERNACK | : : : : | CIVIL ACTION |
| v. | : : | NO. 08-2663 |
| EXPRESS PRODUCTS 401(k) PLAN, EXPRESS PRODUCTS, INC., DAN GEIGER, and STATE STREET BANK AND TRUST CO. | : : : : | |

O'NEILL, J.                                                                                                  March   4  , 2009

## MEMORANDUM

On June 6, 2008, plaintiffs Anthony Isabella and Timothy M. Eyer filed a complaint pursuant to the Employment Requirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. (as amended) (ERISA) against defendants Express Products 401(k) Plan, Express Products, Inc. (EPI), Dan Geiger and State Street Bank and Trust Company  On August 13, 2008, original plaintiffs, joined by plaintiffs David DeCamp and Karen Ezernack, filed an amended complaint alleging that defendants are liable for breaches of fiduciary duty under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) (Count I) and for breaches of fiduciary duty under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) (Count II).  On November 12, 2008, I granted defendant State Street's uncontested motion for summary judgment and dismissed all claims against that party.  Presently before me are the remaining defendants' motion to dismiss Count II of the complaint, plaintiffs' response and defendants' reply thereto.

## BACKGROUND

On or about February 1, 2001, EPI started a 401(k) Plan for eligible employees.  On December 1, 2002, it was restated by Automatic Data Processing (ADP).  Plaintiffs, former

employees of EPI, allege that Geiger, president and CEO of EPI, was administrator and fiduciary of the Plan.

Plaintiffs elected to participate in the Plan. They allege that, according to the Plan, if an employee elected to participate in the Plan and made elective deferrals EPI would contribute a Safe Harbor Matching Contribution (SFMC) equal to 100% of the first 4% of earnings that an eligible participant contributed to the Plan as an elective deferral. Plaintiffs contend that they met all of the conditions precedent under the Plan to be entitled to the SFMC. Plaintiffs allege that they were advised in August 2006 that EPI had not made matching contributions to the Plan for the years 2001 through August 2006. Plaintiffs claim that after several inquiries EPI began making SFMCs but failed to address the matching contributions that were not made previously.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in

the complaint are true (even if doubtful in fact)." Id. (citations omitted).  A well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiff[] will ultimately prevail, only whether [he is] entitled to offer evidence to support [his] claims." Nami, 82 F.3d at 65, citing Scheuer, 416 U.S. at 236.

## DISCUSSION

Plaintiffs have brought this action under ERISA § 502(a)(2) and § 502(a)(3) alleging that defendants breached their respective fiduciary duties by:  (1) failing to select and appoint fiduciaries to administer the Plan and the SHMC provision; (2) failing to select and monitor fiduciaries; (3) failing to handle properly the administration of the Plan; (4) failing to pay the required SHMCs; (5) failing to act prudently; (6) failing to keep and maintain a proper claim procedure and process; (7) violating ERISA and other law with respect to contributions; (8) engaging in prohibited transactions under ERISA; and (9) otherwise failing to comply with ERISA.

Plaintiffs seek damages under ERISA § 502(a)(3) including:  (1) a full and complete accounting with respect to the Plan and the SHMCs; (2) restitution in the form of full and complete benefits (SHMCs) with interest plus lost profits and economic loss; (3) injunctive relief in the form of an order requiring defendants to take corrective action as to its past acts and omissions and to avoid such claims, practices and procedures in the future; (4) removal of defendants as Plan administrators and fiduciaries and appointment of an independent fiduciary to handle the Plan and any inquiries with respect to it; (5) payments and reimbursements of all attorneys fees and costs incurred by this litigation; (6) and "any and all other relief, equitable or

otherwise" deemed appropriate by the Court.  Defendants have moved for dismissal of Count II because ERISA § 502(a)(3) does not permit non-equitable relief.

Section 502(a)(3) of ERISA provides Plan participants with a right to bring a civil action

> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan; or
> (B) to obtain other appropriate equitable relief (i) to address such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3).  In Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), the Supreme Court reiterated that "appropriate equitable relief" in Section 502(a)(3) of ERISA is to be narrowly interpreted as providing for "those categories of relief that were typically available in equity."  Id. at 210 (2002), quoting Mertens v. Hewitt Associates, 508 U.S. 248, 256 (1993) (internal quotations omitted).

Injunction, mandamus and equitable restitution were the categories of relief typically available in equity.[1]  Thomas v. Town of Hammonton, 351 F.3d 108, 116 n.5 (3d Cir. 2003), citing Great-West, 534 U.S. at 215.  In Great-West, the Supreme Court drew a distinction between restitution traditionally available in equity and restitution traditionally available at law:

> In cases in which the plaintiff "could not assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him," the plaintiff had a right to restitution at law . . . .  In contrast, a plaintiff could seek restitution in equity, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession.... Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.

Great-West, 534 U.S. at 213-14.  The former is a type of relief that may be sought under §

---

[1] Additionally, ERISA specifically provides for fines and attorney's fees.  Thomas v. Town of Hammonton, 351 F.3d 108, 115 (3d Cir. 2003); 29 U.S.C. § 1132(c) and (g).

1132(a)(3) and the latter is not. Sackman v. Teaneck Nursing Center, 86 Fed. Appx. 483, 485 (3d Cir. 2003), citing Great-West, 534 U.S. at 221.

Under Great-West, "almost invariably . . . suits seeking . . . to compel the defendant to pay a sum of money to the plaintiff are suits for money damages, as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." Kollman v. Hewitt Associates, LLC, 2005 WL 1941658, at *11 -12 (E.D. Pa. Aug. 11, 2005), quoting Great-West, 534 U.S. at 210.

Here, plaintiffs's restitution claim is a legal remedy that is barred by Great-West. The theory of plaintiffs' case is that defendants wrongfully failed to pay them the benefits to which they allegedly were due under the Plan. "A claim for money due and owing under a contract is 'quintessentially an action at law.'" Tannenbaum v. UNUM Life Ins. Co. of Am., 2004 WL 1084658, at *5 (E.D. Pa. Feb. 27, 2004), quoting Great-West, 534 U.S. at 210.

Even if I were persuaded that the restitution requested were equitable in nature, any such award would violate the Great-West rule because it would compel defendants to pay out a sum of money that never belonged to plaintiffs. Great-West, 534 U.S. at 211-14. Claims under ERISA § 502(a)(3) are equitable in nature when they seek restitution of "specifically identifiable" funds, belonging to the Plan, that are "within the possession and control" of the party against whom relief is sought. Sereboff v. Mid Atl. Med. Servs., Inc., 547 U.S. 356, 362 (2006). As was the case in Great-West, here:

> [t]he basis for petitioners' claim is not that respondents hold particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to some funds for benefits that they conferred. The kind of restitution that petitioners seek, therefore, is not equitable-the imposition of a constructive trust or equitable lien on particular property-but legal-the imposition of personal liability for the benefits that they

5

conferred upon respondents.

Great-West, 534 U.S. at 214.

In this case, the funds that plaintiffs allege were not paid into their accounts are not specifically identifiable in any way - they could only be found in the EPI general accounts if at all.  Thus, I cannot conclude that there is a constructive trust permitting equitable restitution under ERISA § 502(a)(3).

I will therefore grant defendants' motion to dismiss that part of Count II requesting restitution.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY ISABELLA, TIMOTHY M. EYER, DAVID DeCAMP and KAREN EZERNACK | : : : : | CIVIL ACTION |
| v. | : : | NO. 08-2663 |
| EXPRESS PRODUCTS 401(k) PLAN, EXPRESS PRODUCTS, INC., DAN GEIGER, and STATE STREET BANK AND TRUST CO. | : : : : | |

ORDER

AND NOW, this 4th day of March 2009, upon consideration of defendants' motion to dismiss, plaintiffs' response and defendants' reply thereto, it is ORDERED that defendants' motion to dismiss that part of Count II requesting restitution is GRANTED and that part of the Complaint is DISMISSED.

      /s/ THOMAS N. O'NEILL, JR.
      THOMAS N. O'NEILL, JR., J.